# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE ANZA LAND AND LEISURE CORP., <br><br>   Plaintiff, <br><br> v. <br><br> RONALD R. ORR, DOES 1-10, inclusive <br><br>   Defendants, | Case No. 15cv182 BTM(JMA) <br> **ORDER REMANDING CASE** |

Defendant Ronald R. Orr removed Plaintiff De Anza Land and Leisure Corporation's unlawful detainer action against him from the Superior Court of California, County of San Diego, and filed a concurrent Motion for Leave to Proceed *in forma pauperis* ("IFP"), 42 U.S.C. § 3604 (F)(3)(A).

The matter against Defendant arises under state law and does not require resolution of a substantial question of federal law. See U.S. Bank Nat'l Ass'n v. Lasoff, 2010 WL 669239 (C.D. Cal. Feb. 23, 2010) (holding that unlawful detainer action did not raise a federal question); HSBC Bank USA, NA v. Valencia, 2010 WL 546721 (E.D. Cal. Feb. 10, 2010) (remanding unlawful detainer action); Wells Fargo Bank, Nat'l Ass'n v. Cencil, 2010 WL 2179778 (N.D. Cal. May 27, 2010) (granting motion to remand unlawful detainer action).

Any federal defenses or counterclaims Defendant may wish to bring do not give rise to federal question jurisdiction. <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 14 (1983) (explaining that a case may not be removed to federal court on the basis of a federal defense). Here, Defendant attempts to remove the case solely by raising a federal defense grounded in the Fair Housing Act, 42 U.S.C. 3604(f)(3)(A). Therefore, Defendant's Notice of Removal fails to establish federal question jurisdiction.

Additionally, the Court has no basis for concluding that diversity jurisdiction exists. 28 U.S.C. § 1332(a). According to the Complaint, the Defendant appears to be a citizen of California and he does not allege the Plaintiff's state of incorporation or principal place of business. Furthermore, the Complaint states that the claim does not exceed $ 10,000. Dkt. No 1-2. Therefore, complete diversity between the parties is lacking and the amount in controversy is less than $75,000.

The removing defendant always has the burden of establishing that removal is proper, and the court resolves all ambiguity in favor of remand to state court. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Defendant has not satisfied his burden. Therefore, the Court **REMANDS** this action to the Superior Court of California, County of San Diego. Defendant's IFP Motion is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: February 3, 2015

*Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court